JAMES S. DAVIS CLOTHING COMPANY, Respondent, v. MERCHANTS' DISPATCH TRANSPORTATION COMPANY, Appellant.

**Kansas City Court of Appeals, April 25, 1904.**

1. COMMON CARRIERS: Delivery: Delay: Agency. A carrier issued its bill of lading for goods in New York to be delivered at St. Joseph, in care of the M. railroad. At East St. Louis it delivered them to the T. company. This company undertook to deliver them to the M. company, who refused to receipt for the goods in good order, and there followed a delay of three weeks. *Held*, on the most favorable interpretation of the contract for the defendant the carrier's duty was to deliver to the M. company on the west side of the Mississippi river and the T. company was its agent and the carrier is liable for the delay in such delivery.

2. ————: Liability beyond Terminus: Construction of Contract. There is nothing found in the contract terminating the carrier's liability on the east side of the Mississippi river and qualifying its plain obligations to deliver at St. Joseph, or at least to the M. company on the west side of the Mississippi river.

Appeal from Buchanan Circuit Court.—*Hon. Henry Ramey*, Judge.

Affirmed.

*Mosman & Ryan* for appellant.

(1) The contract of shipment in the case at bar having been made in the State of New York, the Missouri statute, R. S. 1899, sec. 5222, rendering the ini-

tial carrier liable, can not be invoked as a rule by which to construe and determine its provisions. Eckles v. Railway, 72 Mo. App. 305; Otis Co. v. Railway, 112 Mo. 628; Crouch v. Railway, 42 Mo. App. 250. (2) "By the principles of the common law, as established in this State, a common carrier, who receives goods for transportation to a point beyond his own line, engages only to carry them safely and within a reasonable time to the end of his own line, and there deliver them to the connecting carriers to continue or complete the transit, unless the usage of the business, or of the carriers, or his conduct or language, shows that he takes the parcel as a carrier for the whole route. Coates v. United States Express Co., 45 Mo. 238; McCarthy v. Railroad, 9 Mo. App. 166; Goldsmith v. Railroad, 12 Mo. App. 483." Crouch v. Railway, 42 Mo. App. 248; Minter Bros. v. Railway, 56 Mo. App. 288; Railroad v. Manufacturing Co., 16 Wall. 318; Babcock v. Railway, 49 N. Y. 491; Railway v. Forsythe, 61 Pa. 81; Brintal v. Railway, 32 Verm. 665; Grain Elevator v. Railway, 138 Mo. 666. (3) Does the bill of lading show that the Merchants Dispatch Transportation Company undertook and agreed to carry the goods through to destination? In determining this question and interpreting this contract the court will adopt the rules applicable to the interpretation of ordinary contracts. There is no special rule applicable to bills of lading only. Leonard v. Railway, 54 Mo. App. 301; Jewelry Co. v. Bertig, 81 Mo. App. 399; Ellis v. Harrison, 104 Mo. 279; County v. Wood, 84 Mo. 509; Missouri Co. v. Bry, 88 Mo. App. 138; Railroad v. Irvine, 73 S. W. 540; Ferry Co. v. Railway, 128 Mo. 248; Moore v. Henry, 18 Mo. App. 35; Commission Co. v. Railway, 64 Mo. App. 146; Minter v. Railway, 56 Mo. App. 282. (4) The evidence shows conclusively not only that the Merchants Dispatch company only contracted to carry to "East Mississippi River" but also that that was the terminus of its route. Under such circumstances its

whole duty was performed by delivering the goods to a connecting carrier for transportation and delivery by it to the Missouri Pacific, and by delivering to a connecting carrier at East St. Louis, Illinois, for further transportation, defendant performed its full duty. Railroad v. Earnest, 77 S. W. 29; Orr v. Railway, 21 Mo. App. 337; Elevator v. Railway, 138 Mo. 666; Coates v. Railway, 45 Mo. 241; Hutchison on Carriers Ed. 1880, sec. 154; Pratt v. Railway, 95 U. S. 43; Patterson v. Railway, 56 Mo. 659; Eckles v. Railway, 72 Mo. App. 305. (5) Where goods are delivered for shipment to a point beyond the carrier's line, with no directions or routing by the shipper, the law imparts a contract that the carrier may select any custom and any usual route. Snow v. Railway, 109 Ind.; Railroad v. Irvine, 73 S. W. 540; Glover v. Railroad, 95 Mo. App. 1. c. 369-373; Rawson v. Holland, 59 N. Y. 611; Transfer Co. v. Neiswanger, 18 Mo. App. 103; Armstrong v. Railway, 62 Mo. App. 643.

*Culver, Phillip & Spencer* for respondent.

(1) The bill of lading does not provide that the defendant was to carry the goods to East St. Louis and there deliver to a connecting carrier. The Missouri Pacific Railway Company's line terminated at St. Louis. St. Louis was also on the line of defendant. Under its contract defendant was obliged to deliver the goods to St. Joseph, Missouri,—a point on its line—or to deliver them to the Missouri Pacific at a point common to both lines. Lesinsky v. Dispatch, 10 Mo. App. 139; Harmon v. Iden, 88 Mo. App. 314; Jaco v. Railroad, 94 Mo. App. 567; Commission Co. v. Railway, 64 Mo. App. 144; Johnson v. Railway, 33 N. Y. 610; Robinson v. Trans. Co., 45 Iowa 470; Isaacson v. Railway, 94 N. Y. 478; Railroad v. Beck, 125 Pa. St. 620, 17 At. Rep. 505; Congar v. Railway, 17 Wis. 492; Railroad v. Cole, 68 Ga. 623; Railroad v. Young, 25 Neb. 651; Hooper

v. Railway, 27 Wis. 81; 6 Am. & Eng. Ency. of Law (2 Ed.), 605; Railway v. Thomas, 89 Ala. 294; Coal Co. v. Railway, 10 Mo. App. 597; Block v. Transportation Co., 6 S. W. 881.

ELLISON, J.—The plaintiff is a mercantile company doing a retail business at St. Joseph, Missouri, a city located on the western border of the State. Defendant is a carrier of freight, its chief business being the transportation of mercantile property from points in the eastern states to a large number of points in the west, including St. Joseph. While it owned cars, it did not own a line of railway; its shipments being over lines of railway going to, or else connecting with other roads going to the point of destination of the particular shipment. In June, 1901, plaintiff bought of a wholesale house in New York City two large boxes of summer goods which it intended to sell to the trade at St. Joseph and vicinity that season. The goods were delivered to defendant at New York City for shipment on July 6th and that company issued its bill of lading for them in which the destination was marked, "James S. Davis Clo. Co., St. Joseph, Mo." In the body of the bill, under the heading of "Description of Articles," there are the words, "Two (2) cases Clothing c|o M. P. R. R.," the latter letters meaning, care of the Missouri Pacific Railroad Company, a corporation operating a railway from St. Louis, Mo., to St. Joseph. It is also there stated that the goods were "marked, consigned and destined, as indicated below, to be carried over the line to said destination, or to be delivered to another carrier on the route to said destination." The goods were sent out in defendant's car over a line of railway terminating at East St. Louis, Illinois, a city on the eastern bank of the Mississippi river opposite St. Louis, Mo. They arrived at East St. Louis on July 11 and were delivered by defendant to the "St. Louis Transportation Company," a company which was engaged in

transporting goods across the Mississippi river. The latter company put the goods on the depot platform of the Missouri Pacific Railroad and demanded a receipt. It seems that the boxes were not in good order and were short in weight and the Missouri Pacific Railroad Company refused to receive them unless those facts were noted on the receipt. The transfer company refused a receipt of that kind until July 27, when it accepted such receipt; the goods being thus delayed from the twelfth to the twenty-seventh of July, the Missouri Pacific then took them to St. Joseph where they arrived on the twenty-ninth. Plaintiff thereupon sued defendant for damages caused by the delay and recovered judgment in the trial court.

The contract contained in the bill of lading was a shipment to St. Joseph, Missouri. And under the most favorable interpretation to defendant, its duty, if not, itself, to deliver at St. Joseph over the Missouri Pacific Railroad, was, at least, to deliver to that road. Conceding (but not deciding) that this most favorable interpretation for defendant is the correct construction of the contract, its duty was to deliver to the Missouri Pacific on the west side of the river, and the St. Louis Transportation Company, to whom it delivered the goods, was its agent to deliver to the Missouri Pacific. The St. Louis Transportation Company (if it did not) should have immediately reported the refusal of the Missouri Pacific to receive the goods to defendant and that company should then have immediately examined into the cause and if the objection was good to have remedied the matter straightway. Instead of that, there was an unnecessary delay of nearly three weeks when finally the requirements of the Missouri Pacific was complied with, as it should have been in the first instance. The responsibility of the defendant did not cease until there had been a proper delivery to the Missouri Pacific. Lesinsky v. Great Western, 10 Mo. App. 134.

There has been disscussion here of the rights and liability of railroad companies for shipments beyond the receiving road's line, and of its duty to deliver to a connecting carrier. But in this case the defendant had no line. Its mode of transportation was to convey goods, loaded on cars, over lines of other companies. And the only possible reason we can discover for the contention that defendant's contract ended at the terminus of a railroad at East St. Louis is the following statement in the margin of the bill of lading: "it is mutually agreed that the rate of freight from New York to E. Miss. R.' Depot is to be, of first class goods, 87 cts. per 100 lbs." We suppose these abbreviations mean a depot on the east side of the Mississippi river. We see no reason why the provision should restrict or qualify the plain obligation to deliver at St. Joseph, or, at least, to the Missouri Pacific Railroad at St. Louis, Missouri.

It is not neccessary to discuss criticism of instructions given and refused since on the undisputed facts plaintiff's right of recovery was fully made out. The judgment is affirmed. All concur.